BEER, Judge.
On September 30, 1973 David J. Michel, the minor son of Mr. and Mrs. Larry J. Michel was attacked and painfully injured by a dog owned by Mr. Orlando Mesa. Suit was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on September 16, 1974.
On October 29, 1974 the claim was fully and finally settled in proceedings filed and adjudicated on the same date in the Twenty-Fourth Judicial District Court. There is no contention on the part of any party that the settlement itself is, in any way, unsatisfactory. Quite the contrary, counsel for plaintiff-appellant has observed to us in brief and in argument that all parties to the settlement are “completely satisfied with the amount of settlement.”
*180 The proceedings in which the settlement was judicially approved provided that the net proceeds “are to be deposited into a savings and loan association within the jurisdiction of this court in the name of the minor to be disbursed only under order of this court, and a copy of the deposit slip reflecting this deposit to be filed in this record.”
Appellant now contends, by timely appeal to this court, that the settlement funds should be controlled only to the extent provided in Civil Code Articles 223,[1] 224,[2] and 534.[3]
The district judge to whom the settlement proceedings were submitted, and by whom approved, has filed a per curiam in support of the order hereinabove described stating, inter alia, that the settlement proceedings are subject to the provisions of LSA-C.C.P. Articles 4272,[4] and 4501.[5] The district judge observes that the conservatory measures which appellant now resists are clearly within the court's discretion.
The Civil Code articles are general in nature. The articles of the Louisiana Code of Civil Procedure are specific, though optional, security measures. They are available, at the district court’s discretion, to protect the minor’s interest.
The district judge, aware of Louisiana’s traditional commitment to paramount protection of minors has, in LSA-C.C.P. Article 4272, a legislatively created device to aid him in this responsibility. If he deems it to be in the minor’s interest to order conservatory provisions with respect to the settlement proceeds before approving same, that article provides that he may do so and sets the general guidelines for the procedure he is to follow. Thus, irrevocably interwoven with the court’s ability and capacity to approve the settlement is its discretionary ability and capacity to preserve and protect the proceeds in the minor’s interest. The security device provided for in Article 4272 can be, at the court’s discretion, part and parcel of the overall operation of the approving process of the court.
The applicability of LSA-C.C. Articles 223, 224 and 534 are neither frustrated nor encroached by our holding. The proceeds of the settlement cannot vest as an asset of the minor’s estate until the settlement has been judicially approved. Accordingly, LSA-C.C. Article 223 would have no applicability since the settlement proceeds are, *181 from the moment of approval, encumbered by the conservatory provisions discretion-arily invoked by the court in applying LSA-C.C.P. Articles 4272 and 4501.
As a matter of fact, LSA-C.C. Article 226[6] can, by analogy, support the premise that general damage awards (or settlements) in favor of a minor fall within the category of “any estate, which the children may acquire by their own labor and industry . . . .” thus excepting the provisions of LSA-C.C. Article 223 from the applicability.
At any event, when the litigious rights of minors are settled by proceedings which require court approval and the district judge discretionarily invokes the provisions óf LSA-C.C.P. Articles 4272 and 4501, compliance with such requirements become an integral part of the settlement itself.
The judgment is affirmed. Costs of these proceedings to be paid by plaintiff-appellant.

Affirmed.

. “Fathers and mothers shall have, during marriage, the enjoyment of the estate of their children until their majority or emancipation.”

. “The obligations resulting from this enjoyment shall be:
“1. The same obligations to which usufruc-tuaries are subjected;
“2. To support, to maintain and to educate their children according to their situation in life.”

. “There are two kinds of usufruct:
“Perfect usufruct, which is of things which the usufructuary can enjoy without changing their substance, though their substance may be diminished or deteriorated naturally by time or by the use to which they are applied ; as a house, a piece of land, furniture and other movable effects.
“And imperfect or quasi usufruct, which is of things which would be useless to the usufructuary, if he did not consume or expend them, or change the substance of them, as money, grain, liquors.”

. “In approving any proposal by which money will be paid to the minor, the court may order that the money be paid directly into the registry of the court for the minor’s account, to be withdrawn only upon approval of the court and to be invested directly in an investment approved by the court.”

. “When both parents are alive and not divorced or judicially separated, property belonging to a minor may be sold or mortgaged, a claim of a minor may be compromised, and any other step may be taken affecting his interest, in the same manner and by pursuing the same forms as in case of a minor represented by a tutor, the father occupying the place of and having the powers of a tutor.
“Whenever the action of an undertutor would be necessary, an undertutor ad hoc shall be appointed by the court, who shall occupy the place of and have the powers of an under-tutor.”

. “This usufruct shall not extend to any estate, -which the children may acquire by their own labor and industry, nor to such estate as is given or left them under the Oppress condition that the father and mother shall not enjoy such usufruct.”